IRONA A. KALER *vs.* GEORGE W. TUFTS.

Lincoln. Opinion December 10, 1888.

*Bastardy. Pleading. Place. Time.*

It is a sufficient description of place, in a declaration in a bastardy complaint, to allege that the child was begotten "at the shop of M. M. Richards & Co. in Waldoboro in the county of Lincoln."

It is not on a demurrer, a substantial discrepancy in the pleadings in a bastardy complaint, to allege in the preliminary examination that the child was begotten "on or about the 20th of July, 1886," and aver in the declaration that it was begotten "between the first and twentieth days of July, 1886."

ON EXCEPTIONS, by respondent to overruling his demurrer, which is as follows :

And the respondent comes and defends, &c., and says that the complainant ought not to have and maintain her said cause, because he says that the facts alleged in her said accusation and declaration and in the record of the proceedings thereon are not sufficient in law for her to have and maintain the same : And he further says that the complainant ought not to have and maintain her said accusation and declaration because he says the specification of the time and circumstances are in law insufficient in this, that the same are vague and general and do not inform the respondent of the circumstances thereof.

And the respondent further says that the complainant ought not to have and maintain her accusation and declaration, because there is a discrepancy between the time of the alleged begetting of said child as stated in the accusation and in the declaration.

Wherefore he prays judgment of said accusation, record and declaration, and for his costs.

The complainant joined the demurrer. The case is stated in the opinion.

*H. Bliss, Jr., T. P. Pierce* with him, for respondent.

The designation of the place, in the accusation and declaration, is too insufficient to require the respondent to plead to the merits of the action. The language employed is as general and indefinite as it is possible to make any description of place, while the statute rule, which is the only rule, requires time and place to be described, "when and where the child was begotten as correctly as can be" and "with as much precision as the case admits." R. S., c. 97, §§ 1, 5. The statute is imperative and strict. "At" may mean *inside* or *outside* the shop, somewhere near it. Webster says of this word : "It is less definite than in, or on ; at the house may be in the house or near the house." Worcester gives "at" as a synonym of "near," "present," "in." It cannot be reasonably

claimed that this word has acquired a commonly accepted meaning, to the effect that it now is understood as meaning either inside, or outside the building, as here used.

A demurrer is the proper process to reach and defeat this defect. *Foster* v. *Beaty*, 1 Maine, 304.

*Robinson and Rowell*, for complainant.

The complaint and declaration set forth all the particulars of time and place, required by the statute. *Beals* v. *Furbish*, 39 Maine, 469; *Holbrook* v. *Knight*, 67 Maine, 244; *Woodward* v. *Shaw*, 18 Maine, 304.

All that the statute requires, is that the time and place, when and where the child was begotten, shall be taken "as correctly as they can be described." R. S., c. 97, § 1.

The same certainty, as in criminal cases, is not required. The gist of the matter is whether the child of which the complainant has been delivered, was begotten by the respondent, and not on what particular day, nor in what particular place. *Beals* v. *Furbish, supra.*

PETERS, C. J. This is a bastardy case, in which the respondent demurs to the declaration, and undertakes to show objections to it, which we think are without any legal force.

The declaration avers that the child was begotten by the respondent "at the shop of M. M. Richards & Co.," in Waldoboro in the county of Lincoln. It is contended that the word "at" is of equivocal meaning, and may imply either that the act was done in the shop, or outside of it. We think in this connection the word expresses the idea that the act was done inside the shop; and such would be, when descriptive of place, its common signification. It is frequently used in the statutes with that meaning, as in the following instances: Aldermen of cities shall be present "at some convenient place" to revise the list of voters. A notice to a juryman to serve in court, may be left "at his usual place of abode." A summons to a defendant may be left "at his dwelling house" or place of last and usual abode. Deponents are to be summoned to attend "at a designated time and place," to give depositions and adverse parties are to be notified to be

present "at such times and places." The point is virtually decided in favor of the complainant in the case of *Holbrook* v. *Knight*, 67 Maine, 244.

Another objection is that, whilst in her accusation on the preliminary examination she alleges that the act of seduction was accomplished upon her "on or about the 20th of July, 1886," she avers in the declaration that it was "between the first and twentieth day of July, 1886." We do not regard that as any substantial discrepancy or conflict in the pleadings.

*Demurrer overruled.*

WALTON, DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.